United States District Court
Southern District of Texas

**ENTERED**

May 15, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS VIGIL QUISPE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-2377 |
| | § | |
| PAMELA BONDI, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Carlos Vigil Quispe ("Petitioner"), a citizen of Peru, entered the country without inspection on July 10, 2022.[1]  That same day Petitioner was taken into immigration custody and issued a notice to appear, denying Petitioner admission into the United States.[2] On July 11, 2022, Petitioner was released on his own recognizance.[3] On February 22, 2026, Petitioner was taken into immigration custody by Immigration and Customs Enforcement under § 1225(b)(2).[4] Petitioner remains in immigration custody.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 1 ¶ 2; Respondents' Motion for Summary Judgment and Response to the Petition for Writ of Habeas Corpus ("Respondents' MSJ"), Docket Entry No. 8, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 8, p. 2.

[3]Id.

[4]Id. at 2-3.

a bond hearing violates the Immigration and Nationality Act and due process.[5]

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 7).  Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because he is an applicant for admission.[6]  Petitioner has filed a reply.[7]

Petitioner argues that because he was detained and released upon his entry into the United States, he cannot be detained under § 1225(b)(2).[8]  However, as the Fifth Circuit explained in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).  Id. at 498, 502.

Petitioner argues that because he was previously granted parole, his detention without a bond hearing violates procedural due process.[9]  First, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates

---

[5]Habeas Petition, Docket Entry No. 1, pp. 9-11 ¶¶ 32-51.

[6]Respondents' MSJ, Docket Entry No. 8, pp. 1-2.

[7]Brief in Reply to Respondents Response to Petition and Motion for Summary Judgment, Docket Entry No. 9.

[8]Habeas Petition, Docket Entry No. 1, pp. 9-10 ¶¶ 32-40.

[9]Brief in Reply to Respondents Response to Petition, Docket Entry No. 5, pp. 2-6.

-2-

detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.    Moreover, under § 1226(b), "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."  8 U.S.C. § 1226(b).

Finally, Petitioner argues that his detention without a bond hearing violates substantive due process.[10]  But as explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 15th day of May, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[10]Habeas Petition, Docket Entry No. 1, pp. 10-11 ¶¶ 46-51.

-3-